### QUAINTANCE, et al v. PINEGREE.

No. 77-8837-CA.

Circuit Court, Duval County.

September 13, 1979.

Marie Janiewski and Paul C. Doyle, Jacksonville Area Legal Aid, Inc., for the plaintiffs.

Robert M. Eisenberg, Jacksonville, for the defendant.

MAJOR B. HARDING, Circuit Judge.

*Final judgment:* This cause came on to be heard upon the plaintiffs' motion to certify class and motion for summary judgment, and the court makes the following findings from the record —

1. The requirements of Rule 1.220, Fla. R. Civ. P., with respect to certification of the class have been satisfied.

2. There is no genuine issue of material fact in that it appears from the record that the Florida Department of Health and Rehabilitative Services has failed to initiate timely judicial reviews for dependant children placed in its temporay custody who remained continuously in foster care for six months or more.

3. Plaintiffs are entitled to a summary judgment as a matter of law, in that Section 409.168, Florida Statutes, requires the Department of Health and Rehabilitative Services to initiate judicial reviews for dependent children placed in its temporary custody and remaining in foster care continuously for six months and the defendant has failed to comply with the statute.

4. The named plaintiffs, Sean Quaintance and Demetrius Quaintance are entitled to an immediate annual judicial review to be initiated by the Department of Health and Rehabilitative Services because the court finds that they have not waived their right to their annual review hearing.

5. The named defendant Secretary William J. Page has been succeeded in office by David Pinegree and the final judgment will be entered against Secretary Pinegree pursuant to Rule 1.260(d), Fla. R. Civ. P.

6. Defendant's oral motion to offer oral testimony at the hearing on the motion for summary judgment was objected to by plaintiffs and the oral motion was denied.

7. Defendant's oral motion to offer an affidavit at the hearing on the motion for summary judgment was objected to by plaintiffs and the oral motion was denied.

Therefore, it is ordered and adudged —

1. This action is certified as a class action for a class of all children in Florida who have been adjudicated dependent children, whose temporary custody has been awardéd to the Florida Department of Health and Rehabilitative Services, and who have remained continuously in foster care for six months or more without

having a judicial review of their status initiated by the Department of Health and Rehabilitative Services.

2. The Department of Health and Rehabilitative Services is permanently enjoined from failing to initiate timely judicial reviews for all dependent children in Florida whose temporary custody has been awarded to the department and who have remained continuously in foster care for six months.

3. The department shall furnish compliance reports to the plaintiffs' attorney at three month intervals for one year following the entry of this final judgment. The compliance reports shall provide the following information, by district and statewide —

a) the total number of children in foster care;

b) the number of children entitled to judicial reviews;

c) of the children entitled to judicial reviews, the number for whom the reviews were initiated; and

d) the average length of time the children remained continuously in foster care prior to the initiation of judicial reviews.

4. The department shall initiate an immediate annual judicial review for Sean Quaintance and Demetrius Quaintance.